IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BOBBY GLEASON,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-cv-02522-S (BT) |
| MICHAELS STORES INC,<br>Defendant. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Bobby Gleason seeks to bring this lawsuit without paying the required filing fee. *See* IFP motion. (ECF No. 4).

This Court may authorize a person to proceed *in forma pauperis* (IFP)—that is, without the prepayment of fees—when it determines the person cannot afford the fee. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016).

Here, Plaintiff has submitted an affidavit stating that he received $24,000 a month during the past year from real property income and gifts. IFP motion at 1-2. He expects to make $1,500 from real property income next month, as well as $500 from gifts. *Id.* He has $2,900 in a checking account. *Id.* at 2. He also owns a

home valued at $375,000, and he appears to own it outright, as he is not paying a mortgage. *Id.* at 3-4. He lists no dependents and $2,950 in monthly expenses, including $800 a month in credit card payments. *Id.* at 4-5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. Plaintiff received $288,000 last year from real property income and gifts, placing his household well above the poverty guideline, and far outpacing his monthly expenses. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 3, 2026). Though Plaintiff suggests he will only receive $2,000 next month, he still has nearly $3,000 in his checking account—more than enough to cover the filing fee—and $375,000 in home equity that he could leverage to pay the filing fee. *See, e.g.*, *Smith v. Kijakazi*, 2022 WL 23028893, at *1 (N.D. Ill. Jan. 27, 2022) (noting that courts consider equity in real estate in determining eligibility to proceed IFP and recommending denial of IFP when the plaintiff failed to establish he could not leverage the equity in his home to pay the filing fee) (collecting cases). And Plaintiff is still above the poverty guideline for a one-person household even assuming he makes $2,000 a month going forward.

Thus, the District Judge should **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice

unless he pays the $405.00 filing fee within 14 days of an order accepting this recommendation or by some other deadline the District Judge finds appropriate.

**SO RECOMMENDED**.

Signed August 3, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).